UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| RICARDO JOSE LOPEZ, | ) | |
| Petitioner, | ) | 3:11-cv-00635-LRH-VPC |
| vs. | ) | **ORDER** |
| E.K. McDANIEL, *et al.*, | ) | |
| Respondents. | ) | |

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which petitioner, a state prisoner, is proceeding *pro se*. Petitioner has filed a motion to proceed *in forma pauperis*. (ECF No. 1.) Based on the information concerning petitioner's financial status, the court finds that the motion to proceed *in forma pauperis* should be denied. Petitioner must pay the full filing fee of $5.00.

Petitioner moves the court for the appointment of counsel. (ECF No. 1-3.) There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970). In this case, it appears that the claims are somewhat

complex. Additionally, petitioner states that he is unable to read or write and is serving two consecutive life sentences without the possibility of parole. Therefore, petitioner's motion for counsel shall be granted.

Petitioner also moves for an evidentiary hearing. (ECF No. 1-2.) The court denies the motion as premature at this time.

**IT IS THEREFORE ORDERED** that the clerk **DETACH** and **FILE** the petition, the motion for an evidentiary hearing, and the motion for the appointment of counsel. (ECF Nos. 1-1, 1-2, 1-3.)

**IT IS FURTHER ORDERED** that petitioner's motion to proceed *in forma pauperis* (ECF No. 1) is **DENIED.** Petitioner shall have thirty (30) days from the date this order is **ENTERED** in which to have the designated fee sent to the clerk.

**IT IS FURTHER ORDERED** that petitioner's motion for the appointment of counsel (ECF No. 1-3) is **GRANTED.** The Federal Public Defender for the District of Nevada (FPD) is appointed to represent petitioner.

**IT IS FURTHER ORDERED** that petitioner's motion for an evidentiary hearing (ECF No. 1-2) is **DENIED**.

**IT IS FURTHER ORDERED** that the clerk shall **ELECTRONICALLY SERVE** the FPD a copy of this order, together with a copy of the petition for writ of habeas corpus (ECF No. 1-1). The FPD shall have thirty (30) days from the date of entry of this order to file a notice of appearance or to indicate to the court its inability to represent petitioner in these proceedings.

**IT IS FURTHER ORDERED** that, after counsel has appeared for petitioner in this case, the court will issue a scheduling order, which will, among other things, set a deadline for the filing of a first amended petition.

Dated this 5th day of October, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE