# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| RICARDO JOSE LOPEZ, | |
| Petitioner, | 3:11-cv-00635-LRH-VPC |
| vs. | **ORDER** |
| E.K. McDANIEL, *et al.*, | |
| Respondents. | |

This is an action on an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which petitioner, a state prisoner, is proceeding with counsel. Before the Court is respondents' motion to dismiss (ECF No. 21), petitioner's opposition (ECF No. 27), and respondents' reply (ECF No. 28).

## I.    Procedural Background

Petitioner was charged with murder with the use of a deadly weapon and attempted murder with the use of a deadly weapon on November 18, 2003. Ex. 8.[1] He was convicted on both counts following a jury trial and was sentenced to two consecutive terms of life without the possibility of parole on the murder charge and two consecutive terms of 53 to 240 months on the attempted murder charge. Ex. 43.

Two months later, the Clark County Public Defender sought issuance of an amended judgment of conviction or appointment of counsel on post-conviction review, as the result of the public defenders' failure to file a timely direct appeal. Ex. 45. An accompanying declaration indicated that the public

---

[1] The exhibits referenced in this order were submitted by petitioner in support of his amended petition and are found in the Court's record at ECF Nos. 9-14.

defender was unaware of its appointment in the case and no timely notice of appeal had been filed. *Id.* The trial court granted the motion (ex. 48) and the new judgment was filed on December 12, 2006. Ex. 48. Thereafter, a notice of appeal was filed. Ex. 49. However, the Nevada Supreme Court issued an order to show cause why the appeal should not be dismissed based on its conclusion that the motion to amend the judgment and the new judgment did not cure the problem of the originally missed filing deadline. Ex. 58. Once a response was filed by the public defender, the Nevada Supreme Court dismissed the appeal for lack of jurisdiction. Exs. 59 and 60.

Petitioner was appointed counsel to assist him in his post-conviction proceedings and he raised six grounds for relief. Exs. 68 and 69. A *Lozada* appeal was allowed and following a response and hearing, the petition was denied by the state district court. Exs. 80, 81 and 83. Petitioner appealed on July 28, 2009. Ex. 88. His opening brief, filed January 12, 2010, raised two grounds for relief with various subparts. Ex. 96. The Nevada Supreme Court affirmed the lower court's decision on September 10, 2010 and issued its remittitur on October 7, 2010. Exs. 107 an 108.

Petitioner submitted his habeas petition with this Court on September 2, 1010. ECF No. 1-1. The Federal Public Defender was appointed to assist petitioner and an amended petition was filed. ECF No. 8. The amended petition raises five grounds for relief as follows:

    I.    Lopez was denied his due process rights under the Fifth and Fourteenth Amendments to the United States Constitution because there was insufficient evidence presented at trial to support findings of guilt for murder and attempted murder beyond a reasonable doubt.

    II.    Lopez's conviction and sentence violated his Fifth and Fourteenth Amendment rights to due process because the State did not prove beyond a reasonable doubt that Lopez did not act in self defense.

    III.    The State denied petitioner his rights to fundamental fairness and due process under the Fourteenth Amendment to the United States Constitution by committing prosecutorial misconduct in closing argument.

    IV.    Lopez was denied his Sixth and Fourteenth Amendment right to the effective assistance of counsel when trial counsel performed deficiently throughout the trial process.

            A.    Failure to investigate and prepare for trial.

2

        B.     Deficient performance at trial.

        C.     Prejudice.

                1.     Failure to explain how petitioner's background caused him to reasonably fear Perez and react without deliberation or intent.

                2.     Failure to explain how petitioner's family and gang history compelled him to fear threats and respond impulsively without deliberation or intent.

                3.     Failure to present readily available mitigating evidence.

                4.     Petitioner's brothers.
                     Dr. John Paglini

V.     Lopez has a right under the Sixth and Fourteenth Amendments to the United States Constitution to the effective assistance of counsel during the state writ process.

The respondents move to dismiss the amended petition, arguing it contains unexhausted claims. Specifically, respondents argue that Ground 4(A) and ground five are unexhausted.

## II.  Legal Standard - Exhaustion

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b).[2] State remedies have not been exhausted unless the claim has been fairly presented to the state courts. *Carothers v. Rhay*, 594 F.2d 225, 228 (9th Cir. 1979). To fairly present a federal

---

[2] 28 U.S.C. § 2254(b) states, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that: (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available state corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> * * *
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

3

1  claim to the state court, the petitioner must alert the court to the fact that he asserts a claim under the
2  United States Constitution. *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999), *cert. denied*, 529 U.S.
3  1009 (2000), *citing Duncan*, 513 U.S. at 365-66.  The petitioner must make the federal nature of the
4  claim "explicit either by citing federal law or the decisions of the federal courts." *Lyons v. Crawford*,
5  232 F.3d 666, 668 (9th Cir. 2000), *amended*, 247 F.3d 904 (9th Cir. 2001).  Additionally, a pro se
6  petitioner may exhaust his claim by citing to State case law which applies the federal standard. *Peterson*
7  *v. Lampert,* 319 F.3d 1153, 1158 (2003) ("citation to a state case analyzing a federal constitutional issue
8  serves the same purpose as a citation to a federal case analyzing such an issue").  A claim is not
9  exhausted unless the petitioner has presented to the state court the same operative facts and legal theory
10 upon which his federal habeas claim is based. *Bland v. California Dept. Of Corrections,* 20 F.3d 1469,
11 1473 (9th Cir. 1994).  The exhaustion requirement is not met when the petitioner presents to the federal
12 court facts or evidence which place the claim in a significantly different posture that it was in the state
13 courts, or where different facts are presented at the federal level to support the same theory. *See Nevius*
14 *v. Sumner,* 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner,* 688 F.2d 1294, 1295 (9th Cir.
15 1982).

16        The mere similarity of claims of state and federal error is insufficient to establish exhaustion.
17 *Hiivala*, 195 F.3d at 1106, *citing Duncan*, 513 U.S. at 366; *see also Lyons*, 232 F.3d at 668-69; *Shumway*
18 *v. Payne,* 223 F.3d 982, 987 (9th Cir. 2000).  "[G]eneral appeals to broad constitutional principles, such
19 as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion."
20 *Hiivala*, 195 F.3d at 1106, *citing Gray v. Netherland*, 518 U.S. 152, 162-63 (1996); *see also Shumway*,
21 223 F.3d at 987.

22        The fact that the state court does not explicitly rule on the merits of petitioner's claims is
23 irrelevant, because exhaustion requires only that the state court be given the opportunity to consider the
24 claims that have been presented. *Smith v. Digmon*, 434 U.S. 332, 333-334, 98 S.Ct. 257, 258 (1978);
25 *Middleton v. Cupp*, 768 F.2d 1083, 1086 (9th Cir. 1985); *accord Carter v. Estelle*, 677 F.2d 427 (5th
26 Cir. 1982) and *United States ex rel. Giesler v. Walters*, 510 F.2d 887, 892 (3d Cir. 1975).
27 ///
28

**III.    Discussion**

    A.    Ground 4(A)

Respondents argue that Ground 4(A) is unexhausted, because the claim, that counsel failed to investigate and prepare for trial, offers a "decidedly different" claim than what was raised before the Nevada Supreme Court on appeal. Motion to Dismiss (MTD), p. 3. Specifically, respondents assert that the allegation that counsel spent "very little time preparing for trial and almost no time investigating" together with the list of identified witnesses which counsel should have contacted is different than the claim presented to the state court which alleged that "trial counsel was 'reckless' for agreeing to proceed to trial within sixty days of accepting the case despite being unprepared for trial." MTD, pp. 3-4. The lack of specifics provided to the Nevada Supreme Court makes the claim brought to this court unexhausted, respondents argue.

Petitioner opposes these assertions, claiming that the instant allegations that counsel (i) failed to timely inform the court that he could not adequately prepare for trial in 60 days, (ii) failed to utilize a gang expert, (iii) failed to contact a psychologist (Dr. John Paglini) who had already evaluated petitioner, (iv) failed to contact lay witnesses such as Lopez's brothers, Carlos and Rogue, and (v) failed to review the existing investigative file including pretrial interviews with witness Francisco Perez, prior to trial and utilize a gang expert, were all addressed in petitioner's opening brief. *See* Opposition to Motion to Dismiss (Oppo.), p. 5. Petitioner provides a several quotes from that brief to support this argument. *Id.* pp. 5-6. However, these quotes are not all drawn from the claim related to the ineffective assistance of counsel. At least one is drawn from the brief's statement of facts and at least one is drawn from petitioner's claim attacking the sufficiency of the evidence. The balance of the quotes were drawn from the proper claim in the state appellate brief, however, that does not end the discussion.

After reviewing the claim presented as Ground 4(A) in the instant petition and having compared its supporting arguments with the claims and arguments raised before the Nevada Supreme Court, the Court concludes that petitioner has exhausted Ground 4(A) in part. Petitioner presented the Nevada Supreme Court with the arguments he presents this Court in subpart (A) paragraph 1 and in subpart (A) paragraph 4 of his amended petition. When appearing before the Nevada Supreme Court petitioner exhausted paragraph 1 when he argued that his counsel had failed to properly investigate the case or

5

1 prepare for trial in the 60-days he had after he was appointed before the matter was set for trial.
2 Petitioner argued that counsel had initially advised the court he believed he could proceed as scheduled,
3 but would inform the court if he thought he needed more time. Ex. 96 at 18.

4       To exhaust paragraph 4, petitioner noted the public defender, his prior counsel, had engaged Dr.
5 Paglini and argued that his subsequent trial counsel could have and should have prepared to present the
6 doctor's testimony and his findings. *Id.* He pointed out that Paglini had written a report that identified
7 at least five factors in mitigation, and argued that none of the information was "offered to the jury in
8 either the guilt phase or the penalty phase." *Id.* at 21. He argued counsel acted "in a manor [sic] that was
9 ineffective under *Strickland, Doleman,* and *Hickey,* in failing to investigate this information, and failing
10 to offer it at any portion of the Appellant's trial." *Id.* at 22. Petitioner also alleged that "[o]ffering Dr.
11 Paglini during the guilt portion of the Appellant's trial would have given the jury a glimpse into why the
12 Appellant felt he had to defend himself." *Id.*

13       Petitioner has not exhausted the balance of Ground 4(A). Any references in the state appellate
14 brief to counsel's failure to review "information surrounding the ... witnesses for it revealed a prior
15 history of gang affiliations with the decedent's friends and possibly the decedent," as quoted from page
16 18 and 19 of that brief, were inadequate to put the Nevada Supreme Court on notice of petitioner's
17 instant claim that counsel was ineffective for failing to review pre-trial interviews of Francisco Perez.
18 The allegations contained in Ground 4(A) paragraphs 2, 3, 5, 6 and 7 were not presented to the state
19 court for review, they change the substantive nature of the claim, and they are, therefore, unexhausted.

20     B.     Ground 5

21     Ground 5 of the Amended Petition argues that petitioner was denied the effective assistance of
22 counsel during the state writ process.

23     Respondents argue and petitioner concedes that Ground 5 of the Amended Petition is
24 unexhausted. In the petition, it was noted that the claim was raised in good faith based on pending
25 United States Supreme Court cases, including *Martinez v. Ryan,* because petitioner wished to preserve
26 the claim and wanted to avoid assertions that he failed to bring the claim at his earliest opportunity.
27 Amd. Petn., p. 26, n13. In opposition to its dismissal, petitioner further argues that this claim, based on
28 the then still pending case of *Martinez v. Ryan*, (132 S.Ct. 1309 (2012)), was properly included if this

Court finds that he has not exhausted his ineffective assistance of trial counsel claims and he must return at some future time to argue cause and prejudice to overcome a state imposed procedural bar.

The Court finds that Ground 5 is unexhausted. The Court also notes that under 28 U.S.C. § 2254(i) and the holding of *Martinez,* such a claim is not a free-standing basis for habeas relief. Rather it is an equitable remedy to allow a federal habeas petitioner in particular circumstances to attempt to overcome procedural bars to a claim that trial counsel was ineffective. *See id.,* 132 S.Ct. at 1320 ("Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective."). Thus, even if the argument is necessary to these proceedings at a future time, it is not a federally cognizable claim for habeas relief which may be included in the petition. It must be dismissed.

## IV. Conclusion

The Court finds Ground 4(A) paragraphs 2, 3, 5, 6 and 7 and Ground 5 to be unexhausted in state court. The Court also finds that Ground 5 fails to state a federally cognizable claim.[3] A federal court may not entertain a habeas petition unless the petitioner has exhausted available and adequate state court remedies with respect to all claims in the petition. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). A "mixed" petition containing both exhausted and unexhausted claims is subject to dismissal. *Id.* Because the Court finds that the petition is a "mixed petition," containing both exhausted and unexhausted claims, petitioner has options:

1. He may submit a sworn declaration voluntarily abandoning the unexhausted claims in his federal habeas petition, and proceed only on the exhausted claims;

2. He may return to state court to exhaust his unexhausted claims, in which case his federal habeas petition will be denied without prejudice; or

3. He may file a motion asking this Court to stay and abey his exhausted federal habeas claims while he returns to state court to exhaust his unexhausted claims.

---

[3] In dismissing this claim from the petition, it is not this Court's intention to foreclose petitioner's use of the argument for purposes of overcoming other procedural defenses that may be raised in these proceedings at a later time. The Court reiterates, because the allegation does not present a free-standing claim for direct habeas relief, dismissal of Ground 5 is appropriate. 28 U.S.C. § 2254(i); *see also Martinez,* 132 S.Ct. at 1320.

*See Rose v. Lundy*, 455 U.S. 509, 510 (1982); *Rhines v. Weber*, 544 U.S. 269 (2005); *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2002); *King v. Ryan*, 564 F.3d 1133 (9th Cir. 2009).

Petitioner's failure to choose any of the three options listed above, or seek other appropriate relief from this Court, will result in his federal habeas petition being dismissed. Petitioner is advised to familiarize himself with the limitation periods for filing federal habeas petitions contained in 28 U.S.C. § 2244(d), as those limitation periods may have a direct and substantial effect on whatever choice he makes regarding his petition.

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (docket #21) is **GRANTED IN PART AND DENIED IN PART.** The Court finds that Ground 4(A), paragraphs 2, 3, 5, 6 and 7 and Ground 5 are unexhausted.

**IT IS FURTHER ORDERED** that Ground 5 is **DISMISSED** as not cognizable.

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** to either: **(1)** inform this Court in a sworn declaration that he wishes to formally and forever abandon the unexhausted grounds for relief in his federal habeas petition and proceed on the exhausted grounds; **OR (2)** inform this Court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted claims; **OR (3)** file a motion for a stay and abeyance, asking this Court to hold his exhausted claims in abeyance while he returns to state court to exhaust his unexhausted claims. If petitioner chooses to file a motion for a stay and abeyance, or seek other appropriate relief, respondents may respond to such motion as provided in Local Rule 7-2.

**IT IS FURTHER ORDERED** that if petitioner elects to abandon his unexhausted grounds, respondents shall have **thirty (30) days** from the date petitioner serves his declaration of abandonment in which to file an answer to petitioner's remaining grounds for relief. Petitioner shall thereafter have **twenty (20) days** following service of respondents' answer in which to file a reply.

**IT IS FURTHER ORDERED** that if petitioner fails to respond to this order within the time permitted, this case may be dismissed.

Dated this 20th day of February, 2013.

LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

8