UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RICARDO JOSE LOPEZ,<br><br>                Petitioner,<br>    v.<br>E.C. McDANIEL, et al.,<br><br>                Respondents. | Case No. 3:11-cv-00635-MMD-VPC<br><br>ORDER |

Ricardo Lopez, a Nevada prisoner represented by counsel, has filed an amended petition for writ of habeas corpus (dkt. no. 8), pursuant to 28 U.S.C. § 2254. Upon consideration of the respondents' motion to dismiss, the Court found the petition to be mixed ─ to include claims exhausted in state court and claims not exhausted in state court. *See* Order, entered February 20, 2013 (dkt. no. 30). The Court ordered petitioner to make an election to either abandon the unexhausted claims and proceed on the exhausted claims, or seek a stay of these proceedings by making a showing of good cause for his failure to exhaust as required by *Rhines v. Weber,* 544 U.S. 269 (2005). *See id.*

Petitioner has now filed a motion for stay (dkt. no. 31), arguing that his post-conviction counsel was ineffective in litigating his claims, that he was denied an evidentiary hearing in the state court where he might have developed his claims more fully, and arguing that those claims were not meritless. Respondents do not oppose the request for stay and abeyance (dkt. no. 32), agreeing that the petitioner is not being

dilatory in his request to return to state court to exhaust his ground four and acknowledging that they will not be prejudiced by this course of action.[1]

The good cause necessary to obtain a stay and abeyance for purposes of exhaustion are not the "extraordinary circumstances" such as would be required by some federal statutes, *Jackson v. Roe,* 425 F.3d 654, 662 (9th Cir. 2005), rather petitioner must show that he was prevented from raising the claim by such circumstances as his own ignorance or confusion about the law or his case status, by circumstances over which he has little or no control, such as his counsel's actions and decision in litigating the case, or when the petitioner is ignorant of the claim. *Riner v. Crawford,* 415 F.Supp.2d 1207 (D.Nev. 2006).

The motion for stay and abeyance shall be granted. Petitioner may return to this Court and move to reopen this action, under the same case number, and before the same undersigned United States District Judge, after exhausting his state court remedies with respect to his unexhausted claims.

Upon his return to state court, petitioner must exhaust *all* of his remaining unexhausted claims. When petitioner returns to this Court and seeks to reopen this case, he must be ready to file an amended petition containing *only exhausted claims*. If petitioner returns to this Court and files an amended petition that is mixed, *i.e.* one that contains unexhausted claims, the Court's intention is that it *will not* facilitate another return to state court by petitioner; rather, the Court will require petitioner to abandon his unexhausted claims, or his mixed amended petition will be dismissed. In essence: this will be the last time that this Court will allow petitioner to return to state court to exhaust claims.

IT IS THEREFORE ORDERED that petitioner's motion to stay proceedings (dkt. no. 31) is GRANTED.

///

---

[1] Respondents do not accept petitioner's arguments without objection. They simply do not object to the stay. *See* Response to Motion to Stay (dkt. no. 32).

1    IT IS FURTHER ORDERED that this action is STAYED pending exhaustion of the unexhausted claims contained in the instant federal petition. Petitioner may move to reopen the matter upon completion of the state court proceedings.

   IT IS FURTHER ORDERED that the grant of a stay is conditioned upon petitioner filing a state post-conviction petition or other appropriate proceeding in state court within forty-five (45) days from the entry of this order and returning to federal court with a motion to reopen and an amended petition incorporating the dismissed grounds for relief within forty-five (45) days of issuance of the remittitur by the Supreme Court of Nevada at the conclusion of the state court proceedings.

   IT IS FURTHER ORDERED that this action shall be subject to dismissal upon a motion by respondents if petitioner does not comply with the time limits in this order, or if he otherwise fails to proceed with diligence during the stay imposed pursuant to this order.

   IT IS FURTHER ORDERED that the Clerk shall ADMINISTRATIVELY CLOSE this action, until such time as the Court grants a motion to reopen the matter.

   DATED THIS 17th day of July 2013.

   _____
   MIRANDA M. DU
   UNITED STATES DISTRICT JUDGE