UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RICARDO JOSE LOPEZ,<br><br>               Petitioner,<br>    v.<br><br>RENEE BAKER, et al.,<br><br>               Respondents. | Case No. 3:11-cv-00635-MMD-VPC<br><br>ORDER |

This action is a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by a Nevada state prisoner represented by counsel. By order filed October 6, 2011, the Court appointed the Office of the Federal Public Defender to represent petitioner in this action. (Dkt. no. 3.) On February 20, 2013, this Court ruled that portions of the first amended petition were unexhausted. (Dkt. no. 30.) Through counsel, petitioner moved for the issuance of a stay and abeyance under *Rhines v. Weber*. (Dkt. no. 31.) On July 17, 2013, this Court granted petitioner's motion for a stay and this case was administratively closed. (Dkt. no. 36.)

Petitioner's further state-court proceedings having concluded, petitioner returned to this Court seeking to reopen this case. (Dkt. no. 38.) By order filed January 14, 2015, the Court granted petitioner's motion to reopen the case. (Dkt. no. 43.) The Court's order set a deadline for petitioner to file a second amended petition. (*Id.*) The Court has granted petitioner two extensions of time in which to file the second amended petition. (Dkt. nos. 45 & 47.) Petitioner's second amended petition is due on June 25, 2015. (Dkt. no. 47.)

On June 11, 2015, the Office of the Federal Public Defender filed an *ex parte* motion for an *ex parte* conference with the Court regarding attorney-client conflicts between petitioner and itself. (Dkt. no. 48.) In the *ex parte* motion, the Federal Public Defender seeks a ruling from the Court as to whether an actual conflict of interest exists, and if so, whether alternate counsel should be appointed. As discussed below, the *ex parte* motion does not contain detailed information regarding the precise nature of the alleged conflict of interest.

Pursuant to Local Rule 7-5(b), "[a]ll *ex parte* motions, applications or requests shall contain a statement showing good cause why the matter was submitted to the Court without notice to all parties." Local Rule 7-5(c) further provides that: "Motions, applications or requests may be submitted *ex parte* only for compelling reasons, and not for unopposed or emergency motions." The instant *ex parte* motion contains no certificate of service to indicate that it was served on any party. The *ex parte* motion does not contain a statement of good cause, much less a showing of compelling reasons, why the matter was submitted to the Court on an *ex parte* basis, without notice to the other parties. Moreover, it is unclear whether the petitioner, Ricardo Lopez, received a copy of the *ex parte* motion. The Office of the Federal Public Defender shall serve the *ex parte* motion on respondents within fourteen days, unless within that time period it presents this Court with a compelling reason for not doing so. Further, the Office of the Federal Public Defender shall serve the *ex parte* motion on petitioner Ricardo Lopez.

While the *ex parte* motion indicates that petitioner Lopez believes that he has a conflict of interest with the Federal Public Defender resulting from its past legal representation, the motion does not go into further detail regarding the facts surrounding the alleged conflict. Before considering whether an *ex parte* conference would be appropriate, the Court requires more information regarding the facts and circumstances surrounding the alleged conflict of interest. The Federal Public Defender shall file a supplemental brief with the Court, providing a detailed explanation as to why petitioner

Lopez believes that a conflict of interest exists. The supplemental brief also shall include the Federal Public Defender's position regarding whether a conflict of interest exists or not. To the extent that case law or other legal authority is relevant to the conflict, the Federal Public Defender shall include such citation and discussion within the supplemental brief. The supplemental brief may be filed *ex parte* and under seal, to the extent that the requirements of Local Rules 7-5 and 10-5(b) are met. Opposing counsel shall be served with a notice that the supplemental brief has been filed.

It is therefore ordered that, within fourteen (14) days, the Office of the Federal Public Defender shall serve the *ex parte* motion (dkt. no. 48) on respondents and shall file with the Court a certificate of service indicating the same, unless within that time period it presents the Court with a compelling reason for not doing so.

It is further ordered that, within fourteen (14) days, the Office of the Federal Public Defender shall serve the *ex parte* motion (dkt. no. 48) on petitioner Ricardo Lopez at his place of incarceration and file with the Court a certificate of service indicating the same.

It is further ordered that, within thirty (30) days, the Federal Public Defender shall file a supplemental brief with the Court. The supplemental brief shall provide a detailed explanation of petitioner Lopez's position and the Federal Public Defender's position with respect to the alleged conflict of interest. The supplemental brief may be filed *ex parte* and under seal, to the extent that the requirements of Local Rules 7-5 and 10-5(b) are met. The Federal Public Defender shall serve a notice of filing of the *ex parte* supplemental brief on respondents and shall file with the Court a certificate of service indicating the same.

It is further ordered that the June 25, 2015, deadline for filing a second amended petition is temporarily vacated, pending resolution of the alleged conflict of interest.

DATED THIS 19th day of June 2015.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE