UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

RICARDO JOSE LOPEZ,

Petitioner,

v.

TIMOTHY FILSON, *et al.,*

Respondents.

Case No. 3:11-cv-00635-MMD-VPC

ORDER

This habeas matter under 28 U.S.C. § 2254 comes before the Court on respondents' motion to dismiss. *(See* ECF No. 83, *corrected by* ECF No. 84.) Respondents seek the dismissal of certain claims following a stay to exhaust state judicial remedies.

I. **BACKGROUND**

Petitioner Ricardo Lopez challenges his Nevada state conviction, pursuant to a jury verdict, of murder with the use of a deadly weapon and attempted murder with the use of a deadly weapon. In a February 20, 2013, order, this Court, *inter alia*, (a) held that paragraphs 2, 3, 5, 6 and 7 of Ground 4(A) were unexhausted; and (b) dismissed Ground 5 as noncognizable. (ECF No. 30 at 8.) On July 17, 2013, the Court granted petitioner's motion for a stay to return to the state courts to exhaust the unexhausted claims. (ECF No. 36.) On January 14, 2015, the Court granted petitioner's motion to reopen the matter. (ECF No. 43.) Petitioner thereafter filed a second amended petition (ECF No. 67), and respondents have filed the present motion to dismiss.

## II. DISCUSSION

### A. Alleged Failure to Comply with the Stay Order

Respondents contend that the second amended petition should be dismissed because petitioner allegedly failed to comply with the provisions of the stay order.

The July 17, 2013, order provided in pertinent part:

> IT IS FURTHER ORDERED that the grant of a stay is conditioned upon petitioner filing a state post-conviction petition or other appropriate proceeding in state court within forty-five (45) days from the entry of this order and returning to federal court with a motion to reopen and an amended petition incorporating the dismissed grounds for relief within forty-five (45) days of issuance of the remittitur by the Supreme Court of Nevada at the conclusion of the state court proceedings.
>
> IT IS FURTHER ORDERED that this action shall be subject to dismissal upon a motion by respondents if petitioner does not comply with the time limits in this order, or if he otherwise fails to proceed with diligence during the stay imposed pursuant to this order.

(ECF No. 36 at 3.)

Petitioner already had a proper person state post-conviction petition pending in the state district court at the time of the July 17, 2013, order. (*See* ECF No. 39-1; Exhibit 131.) He filed a motion to reopen in this Court on December 22, 2014, which was within forty-five (45) days of the November 13, 2014, issuance of the remittitur at the conclusion of the state court proceedings. (*See* ECF No. 39-23; Exhibit 153.)

Respondents maintain that the Court should dismiss the second amended petition because petitioner filed an identical second petition in the state court on November 14, 2013, that allegedly complicated and delayed the state proceedings. The two petitions were addressed in a single, consolidated appeal, in state proceedings spanning only sixteen months. (See ECF No. 39-22; Exhibit 152.) Respondents contend that the prior stay order "was expressly conditioned on [petitioner] filing an 'appropriate' proceeding in state court." (ECF No. 84 at 4.) Respondents urge that petitioner's filing of two successive post-conviction petitions violated the Court's order because they were not "appropriate proceedings." (*Id.*)

///

1         The Court is not persuaded. Respondents misread the provision in question. The provision did not condition the stay upon whether or not the manner in which petitioner prosecuted the state proceedings was in one sense or another "appropriate." Rather, the provision conditioned the stay upon petitioner timely "filing a state post-conviction petition or other appropriate proceeding." (ECF No. 36 at 3.) That language allowed the petitioner flexibility in the *type* of proceeding or proceedings that he filed in the state court, *i.e.*, allowing petitioner to file a state post-conviction petition and/or some other appropriate type of proceeding if necessary to exhaust the claims. Petitioner complied with the order by having filed a state post-conviction petition — a type of filing expressly contemplated by the order — prior to the applicable time period. The particular provision in question otherwise is not directed to the manner in which a petitioner — particularly a then *pro se* petitioner — pursued relief in the state courts after timely filing an appropriate type of proceeding during the stay.

        Petitioner maintains that he mistakenly signed and sent the second petition to the state district court after prior federal habeas counsel (who was not representing petitioner in the state proceedings) sent him the second petition. (*See* ECF No. 86-1.) The record does not reflect egregious behavior intentionally delaying the state court proceedings, and noncapital petitioners typically have no incentive to seek to do so. *Cf. Lawrence v. Florida*, 549 U.S. 327, 344 & n. 9 (2007) (Ginsburg, J., dissenting) ("Most prisoners want to be released from custody as soon as possible, not to prolong their incarceration. They are therefore interested in the expeditious resolution of their claims. . . . . Though capital petitioners may be aided by delay, they are a small minority of all petitioners."); *Valdovinos v. McGrath*, 598 F.3d 568, 574 (9th Cir. 2010), *vacated for reconsideration on other grounds*, 562 U.S. 1196 (2011) (petitioner "had not engaged in dilatory tactics and he had no motivation for delay, as he is not a capital defendant"). The Court leaves for another day the action that might be warranted upon a record instead reflecting either egregious intentionally dilatory behavior or an absence of diligence over an extended period of time

///

1 during a stay. *Cf. Rhines v. Weber*, 544 U.S. 269, 278 (2005) (absence of intentionally dilatory behavior a factor in initial grant of the stay).

The motion therefore will be denied to the extent that it seeks dismissal on this basis.

## B. Procedural Default of Ground 4(A)

Respondents seek the dismissal of Ground 4(A)[1] as procedurally defaulted following upon the state court holding that petitioner's state petition pursued during the stay was untimely and successive.

At the outset, the procedural default defense is applicable only to paragraphs 2, 3, 5, 6 and 7 of Ground 4(A). The Court held prior to the stay that paragraphs 1 and 4 of Ground 4(A) were exhausted. The state supreme court held in its order affirming the denial of post-conviction relief during the stay that petitioner had failed to demonstrate good cause and prejudice as a basis for again presenting claims that previously had been decided on the merits. (ECF No. 39-22 at 3-4.)[2] If a claim previously has been fairly presented to the state courts, a state court decision declining to again consider the claim on the merits does not lead to a procedural default of the claim. *Cf. Cone v. Bell,* 556 U.S. 449, 466-67 (2009) (a state court refusal to readjudicate a claim addressed previously on the merits does not give rise to a procedural default but instead is indicative that the claim is ripe for federal adjudication).

With regard to the previously-unexhausted claims of ineffective assistance of trial counsel, petitioner maintains that he can establish cause and prejudice overcoming the procedural default of the claims based upon alleged inadequate assistance of initial state post-conviction counsel in failing to raise the claims, relying upon *Martinez v. Ryan*, 566

---

[1]The second amended petition (ECF No. 67) carries forward the subdivisions of the substantially identical prior Ground 4 from the first amended petition (ECF No. 8), but the pleading does not identify the subdivisions by letter as in the first amended petition. Like respondents, the Court will continue to refer to the first two subdivisions of the claim by the letter used in the first amended petition, for ease of reference and continuity in relation to prior rulings herein.

[2]All citations to pages in exhibits are to the page number in the header generated by CM/ECF, not to any internal page numbering in the original document.

U.S. 1 (2012). A petitioner seeking to overcome a procedural default under *Martinez* must demonstrate that: (1) the claim of ineffective assistance of trial counsel is substantial, *i.e.*, that the claim has some merit; and (2) post-conviction counsel was ineffective under the standards in *Strickland v. Washington*, 466 U.S. 668 (1984), in failing to raise the claim. *See, e.g., Runningeagle v. Ryan*, 825 F.3d 970, 982 (9th Cir. 2016).[3]

Following review of the allegations of Ground 4(A) and the related allegations in Ground 5 (discussed *infra*), the Court defers a resolution of the cause-and-prejudice analysis under *Martinez* until after the filing of an answer and reply contingently addressing Ground 4(A) also on the merits, so that the Court may have the benefit in its analysis of a full factual and legal presentation as to all relevant claims.

**C.   Noncognizability of Ground 5**

Ground 5 alleges that petitioner was denied effective assistance of post-conviction counsel in violation of the Sixth and Fourteenth Amendments. Notwithstanding the Court's dismissal of Ground 5 in the first amended petition, petitioner reasserted an updated version of the claim, *inter alia*, citing to *Martinez*.

The Court cited to *Martinez* in the prior order of dismissal. (See ECF No. 30 at 6-7.) Nothing in *Martinez* leads to a conclusion that Ground 5 presents an independently cognizable claim for relief in a federal habeas proceeding. As discussed in *Martinez*, 28 U.S.C. § 2254(i) expressly provides that ineffective assistance of post-conviction counsel shall not provide a ground for relief in a § 2254 habeas proceeding. *See* 566 U.S. at 17.

Ground 5 therefore again will be dismissed.[4]

---

[3]There is no issue as to whether the remaining requirements for application of the rule in *Martinez* are satisfied. The earlier state post-conviction proceeding where the allegations in paragraphs 2, 3, 5 and 7 were not raised in the first instance in the state district court was the initial collateral review proceeding. And Nevada procedural law in effect required petitioner to assert claims of ineffective assistance of trial counsel in that proceeding as opposed to on direct appeal. *See generally Runningeagle*, 825 F.3d at 978-82 (discussing remaining requirements).

[4]The prior order also held that the claim was unexhausted, and petitioner did not exhaust Ground 5 during the stay. The claim in all events is subject to dismissal under 28 U.S.C. § 2254(b)(2) because it is clear that the claim fails to present even a colorable claim for federal habeas relief as a standalone claim. *See Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005) (standard for dismissal under § 2254(b)(2)).

## III. CONCLUSION

It is therefore ordered that respondents motion to dismiss (ECF No. 83) is granted in part and denied in part such that: (a) Ground 5 is dismissed as noncognizable; and (b) the Court defers consideration of whether petitioner can establish cause and prejudice to overcome the procedural default of paragraphs 2, 3, 5, 6 and 7 of Ground 4(A) until after the filing of an answer and reply on the merits.

It is further ordered that respondents must file an answer to the remaining grounds in the amended petition within forty-five (45) days of entry of this order and that petitioner may file a reply within forty-five (45) days of service of the answer.

The Court is endeavoring to posture this matter for resolution in advance of March 31, 2018, to the extent possible. Requests for extension based on scheduling conflicts between this action and other actions in this Court should be sought in the later-filed case.

DATED THIS 4th day of December 2017.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE