UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| RICARDO JOSE LOPEZ,<br><br>                  Petitioner,<br>     v.<br><br>TIMOTHY FILSON, *et al*.,<br><br>                  Respondents. | Case No. 3:11-cv-00635-MMD-CLB<br><br>ORDER |

Before the Court in this habeas matter is Respondents' Motion to Alter or Amend the Judgment Nunc Pro Tunc (ECF No. 121 ("Motion")). For the reasons stated below, the Court will grant the Motion.

On September 10, 2019, the Court conditionally granted a writ of habeas corpus directing the State of Nevada to file a notice of the State's intent to grant Petitioner Ricardo Jose Lopez a new penalty-phase hearing and, if so, to commence jury selection for that hearing within 180 days of the date of the Court's order. (ECF No. 99.) The judgment (ECF No. 100) was stayed pending appellate review. The Ninth Circuit Court of Appeals affirmed the judgment, and the stay was lifted. (ECF Nos. 109, 110, 112, 113.)

In June 2021, Respondents noticed their intent to retry Lopez (ECF No. 117) and on September 8, 2021, Respondents moved to alter or amend the judgment to extend to April 11, 2022, the State's deadline to commence jury selection for Lopez's new penalty phase hearing (ECF No. 118). Lopez did not oppose, and on April 11, 2022, the Court granted the motion. (ECF No. 119.)

On April 11, 2022, the state district court did not commence jury selection for the penalty phase hearing. (ECF No. 121-3 at 2-3.) According to emails between Respondents' counsel and the State, Lopez's counsel for the retrial asked the state district court at a hearing on April 28, 2022, to continue the commencement of the new

penalty phase hearing to November 7, 2022, for purposes of preparing for the new hearing, and the State did not oppose that request. (*Id.*) Lopez's matter is scheduled for calendar call on October 27, 2022, and for hearing on November 7, 2022.[1]

Respondents seek to alter or amend the judgment (ECF No. 100) to extend the deadline to November 7, 2022, for the State's commencement of jury selection for Lopez's new penalty phase hearing, *nunc pro tunc*. (ECF No. 121.) Lopez did not file an opposition to the Motion.[2]

Fed. R. Civ. P. 60(b) provides that a court "may relieve a party or its legal representative from a final judgment, order, or proceeding" due to "mistake, inadvertence, surprise, or excusable neglect." To determine whether a party's failure to meet a deadline constitutes "excusable neglect," courts must apply a four-factor equitable test, examining: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 395 (1993), *Briones v. Riviera Hotel & Casino,* 116 F.3d 379, 381 (9th Cir.1997) (adopting this test for consideration of Rule 60(b) motions)). "In *Pioneer,* the Supreme Court held that the determination of whether a party's neglect is excusable 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Briones*, 116 F.3d at 382 (quoting *Pioneer*, 507 U.S. at 395). The Ninth Circuit has noted that "[r]ule 60(b) is 'remedial in nature and . . . must be liberally applied.'" *Ahanchian*, 624 F.3d at 1262 (citations omitted).

---

[1] The Court takes judicial notice of the state district court's docket for *State v. Ricardo Lopez*, C196677, which is publicly accessible at Details (clarkcountycourts.us).

[2] Lopez's counsel for this habeas matter withdrew on April 15, 2021. (ECF No. 114.) The Court received notice that its mail to Lopez containing the Court's prior order amending the judgment (ECF No.119) was undeliverable. (ECF No. 120.) Attorney Lisa A. Rasmussen appeared in this Court on behalf of Lopez on October 6, 2022. (ECF No. 122.) Deputy Attorney General Mariana Kihuen appeared for Respondents that same day. (ECF No. 123.)

Respondents meet the requirements for alteration or amendment of the judgment to extend the deadline for the State to comply with the judgment due to excusable neglect under Rule 60(b). Neither the State nor Lopez's trial counsel notified Respondents' counsel that the state district court failed to commence the new penalty hearing on April 11, 2022. (ECF No. 121-3 at 2.) Respondents' counsel discovered this development a little over a month later, immediately contacted the State to investigate why the State failed to comply with this Court's order and filed the Motion requesting an extension of the deadline to comply with the judgment within a reasonable time under the circumstances. (*Id.*) Although Respondents were negligent in failing to seek an alteration or amendment to the judgment prior to the expiration of the April 11, 2022, deadline, an extension of time to November 7, 2022, to comply with the judgment poses no danger of prejudice to Lopez under the relevant circumstances. The additional time is for the purpose of allowing Lopez's trial counsel adequate time to prepare for the new penalty hearing. The length of the delay is reasonable and poses no adverse impact on the proceedings. And there is no indication that the parties have not acted in good faith.

For good cause shown and because Lopez filed no opposition, the Court will grant the Motion under Rule 60(b).

It is therefore ordered that Respondents' Motion to Alter or Amend the Judgment Nunc Pro Tunc (ECF No. 121) is granted, *nunc pro tunc*.

It is further ordered that the Judgment (ECF No. 100) is modified to extend the deadline for the State to commence jury selection for Lopez's new penalty-phase hearing to November 7, 2022, *nunc pro tunc*.

DATED THIS 12th Day of October 2022.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE